# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ROBERTS, | Case No. 1:20-cv-00074-BAM (PC) |
| Plaintiff, | ORDER DENYING MOTION TO APPOINT COUNSEL |
| v. | |
| SINGH, *et al.*, | (ECF No. 12) |
| Defendants. | |

Plaintiff David Roberts ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for appointment of counsel, filed January 27, 2020. (ECF No. 12.) Plaintiff also requests a jury, that the Court put him on calendar to attend all hearings on this case, and updates regarding this case and several other case numbers. (Id.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

1

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners who are proceeding *pro se* and *in forma pauperis* almost daily. These prisoners also must conduct legal research and prosecute claims without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's complaint has not yet been screened to determine whether it states any cognizable claims.

As to Plaintiff's request for an update on this case, no further action is needed from Plaintiff at this time. So long as Plaintiff notifies the Court of any address changes, he will receive all updates from the Court regarding this case. To the extent Plaintiff requests an in-person appearance at any hearings in this matter, Plaintiff is informed that there are no hearings scheduled at this time, and the request is therefore denied as premature. Plaintiff's request for a jury in this matter is noted, but is also premature, as the complaint has not yet been screened.

Accordingly, Plaintiff's motion to appoint counsel, (ECF No. 12), is HEREBY DENIED, without prejudice. Plaintiff's complaint will be screened in due course.

IT IS SO ORDERED.

Dated: **January 29, 2020**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE